IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STINGRAY PRESSURE PUMPING, LLC, | ) | |
| | ) | |
| Plaintiff | ) | No. 2:16 CV 00279CB |
| | ) | |
| v. | ) | |
| | ) | |
| EQT PRODUCTION COMPANY, | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## DEFENDANT EQT PRODUCTION COMPANY'S BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendant, EQT Production Company, by and through its undersigned counsel, files the following Brief in Support of Motion to Dismiss:

### I.   Relevant Allegations of Plaintiff's Complaint

Plaintiff, Stingray Pressure Pumping, LLC ("Plaintiff" and/or "Stingray") filed its Complaint in Action to Obtain Judgment on Mechanics' Lien Claim to obtain judgment pursuant to three "Notice of Materialman's and Mechanics' Lien" claims it filed in the Court of Common Pleas of Washington County, Pennsylvania. (ECF 1, at Exhibit "A", "D", and "G")("Notices"). Defendant EQT Production Company then filed a Motion to Dismiss, or in the Alternative, Motion to Strike. (ECF 3)[1]. Plaintiff then filed an Amended Complaint, attaching the same Notices. (ECF 13, at Exhibit "A", "D", and "G"). Each of these Notices is signed by "Mark E. Layton, CFO" and states that Mark Layton executed each "Notice of Materialman's and

---

[1] Defendant EQT Production Company initially requested the Court strike the original Complaint's Counts II, III, and Prayer for Relief for failing to appropriately relate Plaintiff's requested relief to the underlying mechanics' liens. However, Plaintiff's Amended Complaint has corrected those errors.

Mechanics' Lien" on December 18, 2015, before Reta Badley, Notary Public of the State of

Oklahoma. The Notices specifically direct that they are to be mailed back to Mark E. Layton,

Stingray Pressure Pumping, LLC, 4727 Gaillardia Parkway, Suite 200, Oklahoma City,

Oklahoma 74142. There is no indication on the face of these Notices that they were prepared or

filed by Plaintiff through an attorney licensed to practice law in the Commonwealth of

Pennsylvania.[2]

In the Amended Complaint, Plaintiff describes that it furnished labor and materials to

"complete well sites" (ECF 13, at ¶3) and that all of the work performed by Plaintiff for EQT

was "related to" wells located on the Gallagher Pad in Washington County. (ECF 13, at  ¶7).

However, Plaintiff's "Notice of Materialman's and Mechanics' Lien" attached as Exhibit "A"

states the following:

> Between August 24, 2015, and August 31, 2015, Claimant performed labor and
> furnished material, machinery and supplies pursuant to an agreement with EQT.
> Claimant's labor, material, machinery and supplies were furnished to EQT **in
> connection with drilling and/or in operation of the Well.** (emphasis added)(ECF
> 13, Exhibit "A", p. 2 of 4).

In describing the claim attached as Exhibit "A", Plaintiff's Amended Complaint

additionally sets forth that the nature and character of labor and materials furnished by Plaintiff

relating to that claim was labor and materials **in connection with drilling and/or operation** of a

gas well. (ECF 13, at ¶19)(emphasis added).

Plaintiff's "Notice of Materialman's and Mechanics' Lien" attached as Exhibit "D"

similarly states the following:

> Between September 1, 2015 and September 4, 2015, Claimant performed labor and
> furnished material, machinery and supplies pursuant to an agreement with EQT.

---

[2] There is nothing on the face of these Notices to indicate that Mark Layton is an attorney
licensed to practice law in the Commonwealth of Pennsylvania. Further, upon review of
publically assembled databases, it appears that Mr. Layton is **not** licensed to practice law in the
Commonwealth of Pennsylvania.

Claimant's labor, material, machinery and supplies were furnished to EQT **in connection with drilling and/or operation of the Well.**(emphasis added) )(ECF 13, Exhibit "D", p. 2 of 4).

In describing the claim attached as Exhibit "D", Plaintiff's Amended Complaint additionally sets forth that the nature and character of labor and materials furnished by Plaintiff relating to that claim was labor and materials **in connection with drilling and/or operation** of a gas well. (ECF 13, at ¶30)(emphasis added).

Plaintiff's "Notice of Materialman's and Mechanics' Lien" attached as Exhibit "G" also states the following:

Between September 5, 2015 and September 11, 2015, Claimant performed labor and furnished material, machinery and supplies pursuant to an agreement with EQT. Claimant's labor, material, machinery and supplies were furnished to EQT **in connection with drilling and/or operation of the Well.**(emphasis added) )(ECF 13, Exhibit "G", p. 2 of 4).

In describing the claim attached as Exhibit "G", Plaintiff's Amended Complaint additionally sets forth that the nature and character of labor and materials furnished by Plaintiff relating to that claim was labor and materials **in connection with drilling and/or operation** of a gas well. (ECF 13, at ¶41)(emphasis added).

The Notices indicate they were filed on December 23, 2015. (ECF 13, at Exhibits "A", "D", and "G").  The three Notices respectively describe that Plaintiff seeks to place a lien against EQT's Gallagher H13 Well Pad ("H13"), EQT's Gallagher H14 Well Pad ("H14"), and EQT's H15 Well Pad ("H15"). *Id.*

## II.   **Argument**

EQT moves to dismiss all counts of Plaintiff's Amended Complaint against it as this court lacks jurisdiction over these claims. A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court to address the merits of the plaintiff's complaint. *Patrick B. v. Paradise Protectory and Agricultural Sch.*, 858 F .Supp. 2d 427 (M.D. Pa. 2011). When a

motion to dismiss is filed under Rule 12(b)(1), the plaintiff bears the burden of persuading the court that subject matter jurisdiction exists. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 1406 (3d Cir. 1991). To the extent this Court finds that it has jurisdiction over this matter, EQT moves to dismiss all counts of Plaintiff's Amended Complaint against it pursuant to Fed. R. Civ. P. 12(b)(6). Fed. R. Civ. P. 12(b)(6) "streamlines litigation by dispensing with needless discovery and fact finding." *Neitzke v. Williams*, 490 U.S. 319, 326 – 327 (1989). The United States Supreme Court has instructed that blanket assertions of entitlement to relief do not satisfy Rule 12(b)(6) and that the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact). . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Thus, to survive a motion to dismiss, a plaintiff must plead facts that set forth a "plausible" right to recovery. *Id.* at 556. *See also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2007). Even under the federal notice pleading standard, "a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it." *Hellman v. Kercher*, No. 07-1373, 2008 WL 1969311, at *3 (W.D. Pa. May 6, 2008).

Although all allegations of the complaint typically are treated as true when deciding a motion to dismiss, legal conclusions, deductions or opinions couched as factual allegations are not entitled to any deference or presumption of truthfulness afforded to well-pleaded facts. *See Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (noting that "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that,

4

when taken as true, suggest the required elements of a particular legal theory.  *Twombly*, 550 U.S. at 556.

In *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008), the Court of Appeals noted that labels, conclusions, and a formulaic recitation of the elements of a cause of action will not suffice to support a claim. *Id*. at 231. Rather, the applicable pleading standard now requires that the complaint allege enough factual matter (taken as true) to raise a reasonable expectation that discovery will reveal evidence of all the necessary elements of plaintiff's claims. *Id*. at 234.   Applying these principles of law applicable to Rule 12(b)(6), EQT's motion to dismiss as to Plaintiff's claims should be granted.

**A. Plaintiff's claims against EQT to obtain judgment must be dismissed pursuant to Rule 12(b)(1) and 12(b)(6) as the underlying Notices are defective and these defects are fatal to Plaintiff's Amended Complaint in Action to Obtain Judgment on Mechanics' Lien.**

Under the Mechanics' Lien Law, any properly filed mechanics' lien claim is a necessary precursor to an action for judgment thereon. *See Terra Tech. Servs., LLC v. River Station Land, L.P.*, 124 A.3d 289, 304 (Pa. 2015).  Moreover, a mechanics' lien claim is subject to attack on two occasions: in the first stage, as a naked claim, and in the second stage, as an integral part of a complaint in an action upon the mechanics' lien. *Renan, Inc. v. PNL. Inc.,* 67 Pa. D.&C.2d 430, 431-31 (Beaver Cty. 1974); *See also* 49 P.S. §1505 (providing that the failure to file preliminary objections to a claim does not waive the right to raise the same as a defense in subsequent proceedings).

Plaintiff is attempting to assert three claims against EQT pursuant to the Mechanics' Lien Law in Pennsylvania. However, Plaintiff cannot obtain judgment on these claims because the Notices which form the basis of Plaintiff's claims are defective as filed. Without a proper lien to

5

give rise to an action to obtain judgment, this Court lacks jurisdiction over Plaintiff's Amended Complaint in Action to Obtain Judgment on Mechanics' Lien Claim.

The defects on the face of the Notices are fatal to the claims because the underlying liens are insufficient as a matter of law. Under the Pennsylvania Mechanics' Lien Law, Plaintiff had six months from the date of its completion of work to file a proper claim with the prothonotary. Plaintiff's Notices allege that the last date Plaintiff furnished labor and/or materials was on August 31, 2015, September 4, 2015, and September 11, 2015, respectively. Plaintiff had six months from each of those dates to file a technically sound, and appropriate, mechanics' lien claim, which it has not done. Therefore, Plaintiff is precluded from proceeding under the Mechanics' Lien Law, though it may choose to proceed under a separate action in common law (breach of contract, etc.).

1. **Plaintiff's underlying three "Notice of Materialman's and Mechanics' Liens" are defective on their face as the face of the liens show they are brought by a non-lawyer on behalf of a corporate entity, in contravention to Pennsylvania law.**

Under Pennsylvania law, a corporate entity may only appear in court through an attorney licensed to practice law in the Commonwealth of Pennsylvania. *See Walacavage v. Excell 2000, Inc.*, 331 Pa. Super. 137, 480 A.2d 281 (Pa. Super. 1984). The Pennsylvania Superior Court noted that an underlying issue in the *Walacavage* case, one of first impression in Pennsylvania, was whether the trial court erred in denying Excell, a corporation, the right to be represented in court by its corporate officer, who was not a lawyer. *Id*. at 283. All of Excell's pleadings, motions, and briefs filed at the trial and appellate court levels were signed by Richard Wagner, described as the President and Stockholder of Excell. The Pennsylvania Superior Court affirmed the lower court's rejection of Excell's assertion that it had a right to appear "pro se" through Wagner. In support of this determination, the Court cited that federal and other states' courts

have consistently held that a corporation may appear in court only through an attorney-at-law admitted to practice before the court. *Id*. at 284.

The Superior Court cited further that the reasoning behind the rule is that "a corporation can do **no act** except through its agents and that such agents representing the corporation in Court must be attorneys at law who have been admitted to practice, are officers of the court and subject to its control" and that this rule holds even if the corporation has only one shareholder. *Id*. (emphasis added)(internal citations omitted).  The purpose of the law was not the protection of stockholders, but the protection of the courts and the administration of justice, and a person who accepts the advantages of incorporation for his or her business must also bear the burdens, including the need to hire counsel to sue or defend in court. *Id*. (emphasis added)(internal citations omitted.)

The *Walacavage* court noted that there are two exceptions to the above rule: in stockholder's derivative actions and in small claims' court. In those instances, there exists a need for informal rules of procedure in which corporate, as well as individual litigants, are permitted to appear without an attorney. No such exception exists for the preparation of a mechanics' lien, an undertaking which is wrought with potential complications and technical requirements. The exceptions identified in *Walacavage* do not apply to the Notices in this case signed by "Mark E. Layton, CFO", and there is no indication on the face of these Notices that they were prepared and filed by Plaintiff through an attorney licensed to practice law in the Commonwealth of Pennsylvania.[3] The record reflects that the three underlying Notices are defective as filed as they

---

[3] Plaintiff's Brief in Opposition to Defendant EQT Production Company's Motion to Dismiss/Strike (ECF 12) states that Plaintiff's Counsel reviewed, revised, and/or filed the Notices, however, there is no evidence of such on the face of the Notices. The Notices indicate only that they were prepared and filed by "Mark Layton, CFO".

are by a corporate officer on behalf of a corporation, not by an attorney licensed to practice law

in the Commonwealth of Pennsylvania.

> **2. Plaintiff's underlying Notices are defective as filed as they fail to identify any work performed by Plaintiff to which a Mechanics' lien may attach under Pennsylvania law.**

The mechanics' lien statute provides that the following may be subject to a lien:

> Except as provided under subsection (b), every improvement and the estate or title of the owner in the property shall be subject to a lien, to be perfected as herein provided, for the payment of all debts due by the owner to the contractor or by the contractor to any of his subcontractors for labor or materials furnished in **the erection or construction, or the alteration or repair of the improvement**, provided that the amount of the claim, other than amounts determined by apportionment under section 306(b) of this act, shall exceed five hundred dollars ($500).

49 P.S. § 1301

The statute further provides the following definitions:

(7) "Materials" means building materials and supplies of all kinds, and also includes fixtures, machinery and equipment reasonably necessary to **and** incorporated into the improvement.
…
 (9) "Labor" includes the furnishing of skill or superintendence.

10) "Erection and construction" means the erection and construction of a new improvement or of a substantial addition to an existing improvement or any adaptation of an existing improvement rendering the same fit for a new or distinct use and effecting a material change in the interior or exterior thereof.

(11) "Alteration and repair" means any alteration or repair of an existing improvement which does not constitute erection or construction as defined herein.

(12) "Erection, construction, alteration or repair" includes:

> (a) Demolition, removal of improvements, excavation, grading, filling, paving and landscaping, when such work is incidental to the erection, construction, alteration or repair;

> (b) Initial fitting up and equipping of the improvement with fixtures, machinery and equipment suitable to the purposes for which the erection, construction, alteration or repair was intended; and

(c) Furnishing, excavating for, laying, relaying, stringing and restringing rails, ties, pipes, poles and wires, whether on the property improved or upon other property, in order to supply services to the improvement.

49 P.S. § 1201 (emphasis added).

The above definitions set forth the labor and activities that may form a basis for a Mechanics' lien. The face of the Notices explicitly specify, however, that Plaintiff was furnishing labor, material, machinery, and supplies to EQT "in connection with drilling and/or operation" of the Wells. Based on the above statutory definitions, the Notices fail as filed as they do not identify any activity to which a mechanics' lien may attach.[4]

Pennsylvania case law also supports that Plaintiff's alleged furnishing of labor and/or materials "in connection with" the drilling and/or operation of a well is not lienable. Mechanics' liens were unknown at common law and are entirely a creature of statute. *See Davis v. Farr,* 13 Pa. (1 Harris) 166, 169 (1850). Such liens are designed to protect persons who, before being paid (or fully paid), provide labor or material ***to improve a piece of property***. *See generally Matternas v. Stehman,* 434 Pa. Super. 255, 264, 642 A.2d 1120, 1124 (1994)(emphasis added).

In *Sampson-Miller Assoc. Co., Inc. v. Landmark Realty Corp.*, the Pennsylvania Superior Court held:

"In no case ... has a lien been allowed for work on land where no building or other permanent structure is erected.... we must affirm the trial judge's holding that **no lien can attach to land for work unconnected to the construction of a building**."

*See Sampson-Miller Assoc. Co., Inc. v. Landmark Realty Corp.,* 224 Pa. Super. 25, 31, 303 A.2d 43, 46 (1973), (abrogated on other grounds by, *Bricklayers of Western Pennsylvania*

---

[4] Further, applying the plain meaning to the description of the alleged materials provided to EQT on Plaintiff's "Field Tickets", it is clear that these materials would **not** be used in the erection, construction, alteration, and/or repair of any improvement. (ECF 13, at Exhibit "C", "F", and "I", describing shipments of "Bulk Proppant Delivery", "HP FR Produced Water 409", "15% HCl", "100 Mesh Sand (per 100 lbs.)", "40/70 Sand (per 200 lbs.)". Additionally, applying the plain meaning to the description of the alleged services provided to EQT on Plaintiff's "Field Tickets", it is clear that such services were not performed in the completion of the well pad, but could only have been independently performed after the well's completion.

*Combined Funds, Inc. v. Scott's Development Co.*, 2012 PA Super. 4, 41 A.3d 16 (2012)), (emphasis added).

The above rule was also applied in the case *Yellow Run Coal Co. v. Yellow Run Energy Co.,* 420 A.2d 690 (Pa. Super. 1980). In *Yellow Run*, the Pennsylvania Superior Court relied solely upon *Sampson-Miller* to find that the trial court committed no error in striking a lien filed by a strip mining contractor because the work allegedly performed "simply involve[d] the excavation of top soil and coal and then backfilling. No building or permanent structure is involved." *Id.* at 691. The Pennsylvania Superior Court later expanded upon the *Sampson-Miller* rule, finding that excavation performed incidental to the erection or construction of an improvement is lienable, even if no building is ever in fact erected, citing to sections 49 P.S. §§ 1301 , 1201(1), (12)(a) of the Pennsylvania Mechanics' Lien Law. *See B.N. Excavating, Inc. v. PBC Hollow-A, L.P.*, 2013 PA Super 120, 71 A.3d 274, 279 (Pa. Super. Ct. 2013).

Plaintiff has failed to describe any facts showing that it performed work relating to the erection, construction, alteration, or repairs to the unconventional gas wells at issue in this case. To the contrary, the face of Plaintiff's Amended Complaint and the underlying liens state clearly that it only performed work in connection with the drilling and/or operation of the gas wells. Plaintiff cannot cite to any Pennsylvania case law stating that a Mechanics' Lien may attach to work in connection with the drilling and/or operation of a well. Further, Pennsylvania case law has repeatedly held that work that is unconnected to the erection, construction, alteration, or repair of a building or improvement is not lienable. *See Treacy v. 1600 Church Road Partnership*, 45 Pa. D. & C.3d 109, 1987 WL 47812 (C.P. 1987)(Mechanics' lien for routine landscaping services stricken as it was not incidental to the erection, construction, alteration or repair of an improvement, noting that the legislative history of the lien law stated that the law intends incidental work to be distinguished from work that it is performed independently of any

erection, construction, alteration, or repair of an improvement, "in which latter case no lien is allowed."); *Dagit v. Radnor Convalescent & Nursing Home, Inc.*, 38 Pa. D. & C.2d 389, 1965 WL 6126 (C.P. 1965)(lien cannot attach to test borings by an architect not intended to be ultimately utilized in the erection of a structure); *King's Oak Liquidators v. Bala Cynwyd Hotel Associates*, 405 Pa. Super. 250, 592 A.2d 102 (1991)(lien cannot attach to cleaning services performed pursuant to an oral agreement in preparation for demolishing a building and security services or work done in verifying inventory in connection with the demolition of the building); *Hunter v. Meadville Sandblasting Inc.*, 14 Pa. D. & C.4th 562, 1992 WL 510268 (C.P. 1992) (lien cannot attach to the clearing, leveling, filling, and packing of a lot so that the property owner would be able to store steel on the lot, where the work was not done in conjunction with or incidental to the construction of a building or other structure); *Jan-Lee Corp. v. Kay*, 21 Pa. D. & C.2d 222, 1960 WL 6241 (C.P. 1960)(work in the removal of an existing building, and in the filling, grading, or paving of the land where the demolition occurred in preparation of the land for use as an automobile parking lot or the like does not give rise to a lien, where such work is unconnected with, and not preparatory to, the erection of a new structure); *Schwartz and Baker v. Racing, Inc.*, 25 Monroe 125 (1967)(court struck off a mechanics' lien for grading a racetrack and installing a drainpipe) *Northwood Nurseries v. Timber Hill, Inc.*, 66 Pa. D. & C.2d 314 (1974)(court refused the right to lien for a claim of seeding and mulching a ski slope where no averment was made that this work was done incidental to any building construction or alteration).

Neither the Pennsylvania's Mechanics' Lien Law, nor any of the cases interpreting it, suggests that a mechanics' lien may attach to labor and/or materials furnished "in connection with" the drilling and/or operation of a gas well. Because a mechanics' lien is an entirely

statutory and special remedy affecting real property that must be strictly construed, the underlying liens are defective for failing to describe any lienable activity.

Further, Plaintiff's Amended Complaint's conflicting contention that it furnished labor and materials to "complete well sites" cannot cure the failure of the underlying Notices to assert any facts which would support that Plaintiff's work is lienable.

By defining on the face of the Notices that the liens were intended to attach to labor and/or materials furnished in connection with drilling and/or operation of a well, Plaintiff admits that its mechanics' lien claim is **not** for work connected in any way to the erection, construction, alteration, or repair of a building or improvement, and therefore, Plaintiffs' claims pursuant to the Mechanics' Lien Law must fail.

### 3. Plaintiff's underlying Notices are defective as filed as they don't identify a recognized improvement to which a Mechanics' Lien may attach under Pennsylvania law.

Under Pennsylvania law, when the words of a statute are clear and precise, reviewing courts may not disregard those words under the pretext of pursuing the "spirit" of the enactment. *See Bricklayers of W. Pennsylvania Combined Funds, Inc. v. Scott's Dev. Co.*, 625 Pa. 26, 39, 90 A.3d 682, 690 (2014)(internal citation omitted). Recently, the Pennsylvania Supreme Court specifically held that clear and unambiguous provisions of the Mechanics' Lien Law should be given the intent of the General Assembly, and only ambiguous provisions may be subject to additional review. *Id.* The Mechanics' Lien Law's definitions of "erection", "construction", "alteration", or "repair" of a "building or improvement" are clear and without ambiguity. *See* 49 P.S. § 1201.  There is nothing in the lien law's unambiguous and clear definitions of "erection", "construction", "alteration", or "repair" of a "building or improvement" that is broad enough to

allow a lien to attach to labor and materials furnished in connection with the drilling and/or operation of a gas well.

In *Yellow Run, supra*, the Pennsylvania Superior Court entertained the question of whether a Mechanics' Lien could be properly asserted against land for work performed in association with the strip mining of coal, including coal removal and backfilling, which was unconnected with the construction of any building or other permanent structure. The Superior Court found that a Mechanics' Lien could not be asserted in such a situation, stating that "in no case, however, has a lien been allowed for work on land alone where no building or permanent structure is erected." *Id.* at 692. After a review of the entire statutory and decisional history of Mechanics' Liens in the Commonwealth, the court concluded that Mechanics' Liens were limited to work which was connected with and an integral part of the erection, construction, alternation, or repair of a **building or other permanent structure**. *Id.* (emphasis added).

The *Yellow Run* court specifically examined the legislative history of the Mechanics' Lien Law to determine whether a strip mine was an improvement.  It cited that the 1963 Act memorializing the Mechanics' Lien Law substituted a more general definition of the improvements to which a lien might attach for the detailed list of such structures that was previously included in the 1901 version of the Act. *Id.* at 691. It then noted that the report of the 1962 Joint State Government Commission which sponsored the 1963 Act stated that the more general definition in the 1963 Act of the improvements or structures to which a lien might attach was not intended either to abridge or enlarge the list of such structures enumerated in the 1901 Act. *Id.*

While the *Yellow Run* court accepted the premise that the general definition of the structures covered by the 1963 Act was intended to codify then existing law that the erection, construction, alteration or repair of a mine could be the basis of a mechanics lien, it ruled that it

could **not** construe land from which coal has been removed by surface stripping to be a "mine".

*Id.* The *Yellow Run* court admitted that a "mine" was listed as one of some 25 or more structures each of which involves the erection or construction of a permanent improvement in the 1901 Act. However, it concluded:

> An underground mine would also be of this character with its shafts, galleries, tunnels, bulk-heads, lifts and tramways. All of these are improvements "erected or constructed" but nothing in strip mining fits such a category. It simply involves the excavation of top soil and coal and then backfilling. No building or permanent structure is involved.

*Id.* at 691.

In the instant case, assuming, *arguendo*, Plaintiff's alleged furnishing of labor and/or materials is lienable, these activities were not connected with and an integral part of the erection, construction, alteration, or repair of a building or permanent structure. Admittedly, the 1901 Act listed a gas well as a structure to which a Mechanics' Lien may attach. However, as in *Yellow Run*, the particular unconventional wells at issue in this case differ from the 1901 Act's reference to a gas well. No Pennsylvania court has ruled that an unconventional gas well is a structure under the meaning of the Mechanic's Lien Law. An unconventional well is not an "improvement" for purposes of the Mechanics' Lien Law, as it is neither a building, nor a permanent structure, but rather, a temporary structure used to extract natural resources, in the form of natural gas, from an unconventional formation through a bore hole. *See* 58 P.S. § 1002. Moreover, Pennsylvania's Oil and Gas Act explicitly indicates that a well is not a permanent structure (as that term is defined by the lien law) as Pennsylvania statutorily requires that the well site be restored to its original condition. *See* 58 Pa. C.S. §3216 (providing a strict statutory scheme for restoring the land surface of a well pad site within a specific time frame).

For the reasons set forth herein, Plaintiff's underlying Mechanics' Liens were not properly filed and are not compliant with the Pennsylvania Mechanics' Lien Law. As Plaintiff's

Amended Complaint is legally insufficient and this Court lacks jurisdiction over these claims, Plaintiff's claims against EQT should be dismissed with prejudice. [5]

**B. Plaintiff has failed to state a claim for attorneys' fees.**

Plaintiff's Request for Relief demands attorney's fees and costs incurred in pursuing this matter. However, Plaintiff has failed to cite a valid basis for a claim for attorneys' fees. Pennsylvania courts have held that the Mechanics' Lien statute does not authorize a lien for attorneys' fees and interests. Specifically, in the case *Artsmith Dev. Grp., Inc. v. Updegraff*, 2005 PA Super 11, 868 A.2d 495 (Pa. Super. Ct. 2005), the Pennsylvania Superior Court ruled that attorneys' fees are not properly the subject of a mechanics' lien claim. As Plaintiff has failed to cite to any basis for its claim for attorneys' fees, this claim fails.

### III.   Conclusion

For the foregoing reasons, this Court lacks jurisdiction over Plaintiff's Amended Complaint in Action to Obtain Judgment on Mechanics' Lien as Plaintiff's underlying Notices are defective on their face, and thus, do not provide a basis for Plaintiff to request judgment from this Court. Should this Court exercise jurisdiction over Plaintiff's Amended Complaint in Action to Obtain Judgment on Mechanics' Lien, this Court should dismiss all claims against EQT Production Company with prejudice as the defects on the Notices as filed render Plaintiff's claims against it legally insufficient. Plaintiff's claim for attorneys' fees should also be dismissed with prejudice as it is similarly legally insufficient.

---

[5] In filing this Motion to Dismiss Plaintiff's Amended Complaint, EQT does not waive any defenses or counterclaims available to it (such as a counterclaim for slander of title) as a result of Plaintiff filing three defective mechanics' lien claims against it, as well as commencing the instant action, which, separately and together, clearly fail to follow the requirements set forth under the Pennsylvania Mechanics' Lien Law.

Respectfully submitted,

ZIMMER KUNZ, PLLC

*/s/  Daniel E. Krauth, Esquire*
DANIEL E. KRAUTH, ESQUIRE
krauth@zklaw.com
Pa. I.D. #59674


 */s/  Joseph F. Butcher, Esquire*
 JOSEPH F. BUTCHER, ESQUIRE
 butcher@zklaw.com
 Pa. I.D. #86464


 */s/  Samantha A. Quinn, Esquire*
SAMANTHA A. QUINN, ESQUIRE
squinn@zklaw.com
Pa. I.D. #310068


310 Grant Street
Suite 3000
Pittsburgh, PA  15219
(412) 281-8000 (Phone)
(412) 281-1765 (Fax)

Counsel for Defendant EQT Production Company

16

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of May, 2016 a copy of the foregoing Brief in Support of EQT Production Company's Motion to Dismiss in Response to Plaintiff's Amended Complaint in Action to Obtain Judgment on Mechanics' Lien Claim was served electronically, upon the following, by filing same with the Clerk of Court using the CM/ECF system, which will send notification to all parties of record.

.

Respectfully submitted,

ZIMMER KUNZ, PLLC

*/s/  Daniel E. Krauth, Esquire*
DANIEL E. KRAUTH, ESQUIRE
krauth@zklaw.com
Pa. I.D. #59674

*/s/  Joseph F. Butcher, Esquire*
JOSEPH F. BUTCHER, ESQUIRE
butcher@zklaw.com
Pa. I.D. #86464

*/s/  Samantha A. Quinn, Esquire*
SAMANTHA A. QUINN, ESQUIRE
squinn@zklaw.com
Pa. I.D. #310068

310 Grant Street
Suite 3000
Pittsburgh, PA  15219
(412) 281-8000 (Phone)
(412) 281-1765 (Fax)

Counsel for Defendant EQT Production Company