IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STINGRAY PRESSURE PUMPING, LLC, | ) ) ) | |
| Plaintiff, | ) | Civil Action No. 16-279 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| EQT PRODUCTION COMPANY, | ) ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

## I. MEMORANDUM

Defendant's Motion to Dismiss (ECF No. 16) will be granted, and Plaintiff will be given one final opportunity to amend its pleadings.

## BACKGROUND

On September 2, 2014, Defendant and Plaintiff entered into a Master Services Agreement ("Agreement"), whereby Plaintiff agreed to "furnish labor and materials to complete well sites." Am. Compl. (ECF No. 13) ¶ 3. All of the work performed by Plaintiff related to three wells located on the Gallagher Pad in Washington County, Pennsylvania: Well #H13, Well #H14 and Well #H15. *Id*. ¶ 7. Plaintiff alleges that Defendant improperly withheld $1,651,250.00 in payments following the completion of the project. *Id*. ¶¶ 20, 32, 41.

On December 23, 2015, Plaintiff filed a "Notice of Materialman's and Mechanic's Liens" ("Notice") in the Court of Common Pleas of Washington County, Pennsylvania, with respect to each of the three wells on which it performed work. *Id.* at Ex. A, D, G. The three Notices bear the signature of Mark E. Layton, Plaintiff's CFO. *Id*. Each Notice alleges that Plaintiff "performed labor and furnished material, machinery and supplies . . . in connection with drilling

and/or operation" of the wells. *Id*. Attached to the Notices are invoices and field tickets containing charges for items such as water, sand, "stimulation charge," "remote data transmission," "pump down e-line service," "goat head charge" and "safety shower." *Id*.

**ANALYSIS**

Defendant contends that this action should be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because the Notices filed by Plaintiff in Washington County were defective on their face. Defendant's argument can be characterized as a factual attack on the Court's subject matter jurisdiction, as it is challenging the Court's "very power to hear the case." *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Accordingly, the Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id*. Plaintiff bears the burden of showing that jurisdiction does in fact exist. *Id*.

Defendant also argues that Plaintiff has failed to state a claim pursuant to Rule 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When faced with a motion to dismiss, a court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009).

Defendant asserts two interrelated arguments in support of dismissal: (1) Plaintiff has failed to allege that the work that it performed on the well project is the type of activity that can invoke a mechanic's lien; and (2) Plaintiff has failed to allege that the project on which it

2

performed that work – in this case, an oil drilling operation – satisfies the requirements of Pennsylvania's mechanics' lien statute as a matter of law.[1]

The Pennsylvania Mechanics' Lien Law, enacted in 1963, provides that:

> Every improvement and the estate or title of the owner in the property shall be subject to a lien . . . for the payment of debts due by the owner to the contractor or by the contractor to any of his subcontractors for labor or materials furnished *in the erection or construction, or the alteration or repair of the improvement* . . .

49 Pa. Cons. Stat. § 1301 (emphasis added). "Erection and construction" is defined as "the erection and construction of a new improvement or of a substantial addition to an existing improvement or any adaptation of an existing improvement rendering the same fit for a new or distinct use and effecting a material change in the interior or exterior thereof." *Id.* at § 1201. "Alteration and repair" is defined as "any alteration or repair of an existing improvement" that does not satisfy the definition of "erection and construction." *Id.*

Pennsylvania courts consistently have limited the availability of a mechanic's lien to "work which was connected with and an integral part of the erection, construction, alteration or repair of a building or other permanent structure." *Yellow Run Coal Co. v Yellow Run Energy*

---

[1] The Court rejects Defendant's third argument, namely, that dismissal is warranted based on the prohibition against corporations appearing *pro-se*. *See* Def.'s Br. (ECF No. 13) at 6-8. Plaintiff is represented by duly-admitted counsel here, and Defendant has identified no legal authority demonstrating that the *pro-se* prohibition extends to the filing of a mechanic's lien claim. *See generally Brooks Erection & Const. Co., Inc. v. BP Oil Co.*, 1994 WL 672620, at *1-2 (E.D. Pa. Nov. 30, 1994) (under Pennsylvania law, mechanic's lien process falls into two distinct stages, the filing and perfection of a claim, and the institution and prosecution of an action-sur; the first stage is governed exclusively by statute, and "a bare mechanic's lien claim . . . does not constitute a 'civil action'") (citation to quoted and other sources omitted); *cf. also generally Oakdale Equip. Corp. v. Meadows Landing Assocs.*, 2015 WL 6950378, at *3 (Pa. Super. July 8, 2015) (Pennsylvania's Mechanics' Lien statute is intended to "provide[] an expeditious method to obtain a lien at very little cost to the claimant") (citation to quoted source omitted). Nowhere does the Mechanics' Lien statute require that a notice/claim be filed by an attorney, and, absent clear and binding authority to that effect, the Court will not impose such an extra-statutory requirement.

*Co.*, 420 A.2d 690, 691 (Pa. Super. 1980). Thus, a mechanic's lien cannot attach to land "for work unconnected with the construction of a building or other permanent structure." *Id.* (citing *Sampson-Miller Associated Companies, Inc. v. Landmark Realty Co.*, 303 A.2d 43 (Pa. Super. 1973)).

A "well for the production of gas, oil or other volatile or mineral substance" has been held to fall within the definition of a "structure or other improvement," so long as the well involves "the erection or construction of a permanent improvement." *Id.* For example, an oil or gas well or mine that requires structures such as "shafts, galleries, tunnels, bulkheads, lifts and tramways" typically falls within the statutory definition. *Id.* A strip mine that involves nothing more than "excavation of top soil and coal" does not. *Id.*

In each of the Notices filed in Washington County, Plaintiff described the work that it performed on the project as "labor, material, machinery and supplies . . . *in connection with drilling and/or operation of the Well.*" *Id.* at Ex. A, D, G (emphasis added). The Amended Complaint similarly described the "nature and character of labor and materials furnished by Plaintiff [as] labor and materials *in connection with drilling and/or operation of a gas well.*" *Id.* at ¶¶ 19, 30, 41 (emphasis added). Nothing in either the Notices or the Amended Complaint gives any indication as to the type of well or drilling activity at issue, whether any sort of permanent structure is involved or the nature of the work that Plaintiff actually performed on the wells. This is critical because, as noted above, an oil or gas well can only form the subject of a mechanic's lien where the supplied labor relates to "the erection, construction, alteration or repair of a building or other permanent structure." *Yellow Run*, 420 A.2d at 692.

Plaintiff suggests that the Field Tickets and invoices attached to the Notices (as well as the Amended Complaint) supply these missing details. However, those exhibits simply list

4

charges for items such as water, sand, "stimulation charge," "remote data transmission," "pump down e-line service," "goat head charge" and "safety shower." They do not provide any context as to how those items were used, what manner of labor was performed or what type of oil-drilling activity took place. Without these details, the Court has no basis from which to determine whether Plaintiff's performance can be characterized as "construction, erection, alteration or repair" of a building or improvement. *See Sampson-Miller*, 303 A.2d at 43 ("[N]o lien can attach to land for work unconnected to the construction of a building."); *Yellow Run*, 420 A.2d at 692 ("[I]n no case . . . has a lien been allowed for work on land alone where no building or permanent structure is erected.").

Plaintiff has failed to meet its burden of demonstrating that the Notices are facially valid, and the Amended Complaint, therefore, must be dismissed. *See, e.g.*, *Lawndale Construction Management, LLC v. 1840 S. Camac St. Partners GP, LLC*, 2016 WL 4954582, at *3-4 (Pa. Super. July 11, 2016) (affirming dismissal of lien claim where the notices failed to provide "basic information" such as the kind and character of the labor or materials furnished). Having already once amended its pleadings in response to a prior request for dismissal,[2] Plaintiff must be prepared to make last, best efforts to state viable claim(s), as the opportunity for amendment now-provided will be its last. *See, e.g.*, *Taylor v. Pilewski*, 2008 WL 4861446, at *3 (W.D. Pa. Nov. 7, 2008) ("[the c]ourt need not provide endless opportunities" for amendment); *Houser v. Postmaster Gen. of U.S.*, 2013 WL 6838699, at *6 (W.D. Pa. Dec. 27, 2013) *and* 573 F. App'x 141, 142 & n.1 (3d Cir. July 28, 2014) (affirming dismissal of second amended complaint with prejudice, based on district court's conclusion that "[i]t [] would be inequitable to require [the d]efendant, who already once has exhaustively and successfully defended

---

[2] *See* Defendant's first Mot. to Dismiss (ECF No. 3), followed by Am. Compl. (ECF No. 13).

[the p]laintiff's grievances, to respond to a continuous stream of formal and informal attempted amendments").

Consistent with the discussions above, the Court hereby enters the following:

## II. ORDER

Defendant's Motion to Dismiss (**Doc. 16**) is **GRANTED**, without prejudice to Plaintiff filing a second amended complaint by **January 6, 2017**. Should Plaintiff not timely file amended pleadings, the ruling herein automatically will convert to a dismissal with prejudice.

IT IS SO ORDERED.


December 21, 2016                                          s\Cathy Bissoon
                                                                                  Cathy Bissoon
                                                                                  United States District Judge

cc (via ECF email notification):

All Counsel of Record